# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**EDGAR FORD,**

                **Plaintiff,**

**-vs-**                                                    **Case No. 6:07-cv-1516-Orl-19KRS**

**METRO CORRAL PARTNERS, LLC,**
**d/b/a Golden Corral,**
**ERIC A. HOLM,**

                **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT (Doc. No. 25)** |
| **FILED:** | **October 21, 2008** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

    This case was brought under the Fair Labor Standards Act (FLSA). 29 U.S.C. § 201, *et seq*. This matter was referred to me to determine whether the settlement in this case is a fair and reasonable resolution of a bona fide dispute over FLSA issues.  Doc. No. 26.

    In their Joint Motion, the parties represent they have reached a settlement agreement and seek court approval of that agreement. In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or

when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353.

Although Plaintiff Edgar Ford initially averred he was due $154,770.00 in unpaid overtime and liquidated damages, Doc. No. 14-2, at 2, "[p]ayroll records subsequently revealed that Plaintiff did not work for Defendant" for approximately nine months of the period claimed, and that Defendant had "accurately paid for a significant number of overtime hours worked during the tenure of his employment." Doc. No. 25 ¶ 9.[1]  "Based on Plaintiff's testimony, the maximum amount of overtime he could claim to be due . . . was calculated to be $7,763.00." *Id.* ¶ 13.  The parties represent that under the settlement agreement, Ford will receive $7,900.00, including the $7,763.00 representing "all of his recalculated underlying FLSA wages." *Id.* ¶ 15.

Because Ford will recover the full amount of FLSA compensation arguably due to him, the settlement is necessarily a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1354.  The parties have not attached an executed copy of their settlement agreement.  Accordingly, I recommend that the Court not approve the settlement agreement as a whole or reserve jurisdiction to enforce it.

---

[1] The Court remains concerned that counsel for FLSA plaintiffs are not fulfilling their obligation under Fed. R. Civ. P. 11 to conduct a reasonable inquiry of the facts before filing FLSA cases and submitting a plaintiff's sworn answers to interrogatories.  Such a reasonable inquiry should include a pre-suit request to the employer to review the time records that employers are required by law to keep.  If counsel for plaintiff had made this request, and defendant responded by making the records available, the matter might have been resolved much sooner with less cost to all concerned.

Accordingly, I recommend that the Court do the following:

1. **FIND** that the compensation Plaintiff will receive pursuant to the Settlement Agreement is a fair resolution of a bona fide dispute under the FLSA;

2. **DECLINE** to reserve jurisdiction to enforce the settlement agreement;

3. **DISMISS** the case with prejudice as to all parties; and,

4. **DIRECT** the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 28, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE